IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK ARDIRE | ) | CASE NO. 1:09CV656 |
| | ) | |
| Plaintiff, | ) | JUDGE ALDRICH |
| | ) | |
| vs. | ) | **DEFENDANT CHASE'S** |
| | ) | **ANSWER TO AMENDED** |
| | ) | **COMPLAINT** |
| WASHINGTON MUTUAL INC., et al. | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Chase Bank USA, N.A., improperly named as JPMorgan Chase & Co. ("Chase"), for its Answer to the Amended Complaint ("Complaint") of Plaintiff Mark Ardire ("Plaintiff"), states and avers as follows:

**FIRST DEFENSE**

1. Chase admits upon information and belief the allegations set forth in Paragraph 1 of the Complaint.

2. Chase denies the allegations set forth in Paragraph 2 of the Complaint as they pertain to the allegations of jurisdiction and/or venue.

3. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 3 of the Complaint, and therefore denies same.

4. Chase denies the allegations set forth in Paragraph 4 of the Complaint.

5. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 5 of the Complaint, and therefore denies same.

6. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 6 of the Complaint, and therefore denies same except with regard to the allegation that "Ardire has had a long relationship with Chase which has been without problem."

7. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 7 of the Complaint, and therefore denies same.

8. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 8 of the Complaint, and therefore denies same.

9. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 9 of the Complaint, and therefore denies same.

10. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 10 of the Complaint, and therefore denies same.

11. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 11 of the Complaint, and therefore denies same.

12. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 12 of the Complaint, and therefore denies same.

13. Chase is without information sufficient to admit or deny the allegations in Paragraph 13, and therefore denies same.

14. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 14 of the Complaint, and therefore denies same.

15. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 15 of the Complaint, and therefore denies same.

16. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 16 of the Complaint, and therefore denies same.

17. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 17 of the Complaint, and therefore denies same.

18. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 18 of the Complaint, and therefore denies same.

19. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 19 of the Complaint, and therefore denies same.

20. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 20 of the Complaint, and therefore denies same.

21. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 21 of the Complaint, and therefore denies same.

22. Chase incorporates herein all denials and other averments set forth in paragraphs 1-21 above.

23. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 23 of the Complaint, and therefore denies same.

24. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 24 of the Complaint, and therefore denies same.

25. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 25 of the Complaint, and therefore denies same.

26. Chase incorporates herein all denials and other averments set forth in paragraphs 1-25 above.

27. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 27 of the Complaint, and therefore denies same.

28. Chase is without information sufficient to admit or deny the allegations set forth in Paragraph 28 of the Complaint, and therefore denies same.

29. [1] Chase incorporates herein all denials and other averments set forth in paragraphs 1-28 above.

30. [2] Chase is without information sufficient to admit or deny the allegations in Paragraph 30 [2], and therefore denies same.

31. [3] Chase is without information sufficient to admit or deny the allegations in Paragraph 31 [3], and therefore denies same.

32. [4] Chase is without information sufficient to admit or deny the allegations in Paragraph 32 [4], and therefore denies same.

33. [5] Chase is without information sufficient to admit or deny the allegations in Paragraph 33 [5], and therefore denies same.

34. [6] Chase is without information sufficient to admit or deny the allegations in Paragraph 34 [6], and therefore denies same.

35. [7] Chase is without information sufficient to admit or deny the allegations in Paragraph 35 [7] , and therefore denies same.

36. [8] Chase is without information sufficient to admit or deny the allegations in Paragraph 36 [8], and therefore denies same.

37. [9] Chase incorporates herein all denials and other averments set forth in paragraphs 1-36 above.

38. [10] Chase is without information sufficient to admit or deny the allegations in Paragraph 38 [10], and therefore denies same.

39. [11] Chase is without information sufficient to admit or deny the allegations in Paragraph 39 [11], and therefore denies same.

40. [12] Chase is without information sufficient to admit or deny the allegations in Paragraph 40 [12], and therefore denies same.

41. [13] Chase incorporates herein all denials and other averments set forth in paragraphs 1-40 above.

42. [14] Chase is without information sufficient to admit or deny the allegations in Paragraph 42 [14], and therefore denies same.

43. [15] Chase is without information sufficient to admit or deny the allegations in Paragraph 43 [15], and therefore denies same.

44. [16] Chase is without information sufficient to admit or deny the allegations in Paragraph 44 [16], and therefore denies same.

45. [17] Chase is without information sufficient to admit or deny the allegations in Paragraph 45 [17], and therefore denies same.

46. [18] Chase is without information sufficient to admit or deny the allegations in Paragraph 46 [18], and therefore denies same.

47. [19] Chase is without information sufficient to admit or deny the allegations in Paragraph 47 [19], and therefore denies same.

48. [20] Chase is without information sufficient to admit or deny the allegations in Paragraph 48 [20], and therefore denies same.

49. [21] Chase is without information sufficient to admit or deny the allegations in Paragraph 49 [21], and therefore denies same.

50. [22] Chase incorporates herein all denials and other averments set forth in paragraphs 1-49 above.

51. [23] Chase is without information sufficient to admit or deny the allegations in Paragraph 51 [23], and therefore denies same.

52. [24] Chase is without information sufficient to admit or deny the allegations in Paragraph 52 [24], and therefore denies same.

53. [25] Chase is without information sufficient to admit or deny the allegations in Paragraph 53 [25], and therefore denies same.

54. [26] Chase is without information sufficient to admit or deny the allegations in Paragraph 54 [26], and therefore denies same.

55. [27] Chase is without information sufficient to admit or deny the allegations in Paragraph 55 [27], and therefore denies same.

56. [28] Chase is without information sufficient to admit or deny the allegations in Paragraph 56 [28], and therefore denies same.

57. In response to the Prayer, Chase denies that Plaintiff is entitled to any relief or judgment in his favor.

## SECOND DEFENSE

58. Plaintiff's Complaint against Chase fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

59. Chase is not liable for any alleged acts or omissions of or on the part of Washington Mutual, and Plaintiff's claims against Washington Mutual, if any, must be submitted in the receivership proceeding.

**FOURTH DEFENSE**

60. Some or all of Plaintiff's claims are preempted and therefore barred.

**FIFTH DEFENSE**

61. Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification and unclean hands.

**SIXTH DEFENSE**

62. Plaintiff has not suffered any harm or damage as a direct and proximate result of any act, omission or wrongdoing on the part of Chase.

**SEVENTH DEFENSE**

63. The actions of Chase, if any, were at all times undertaken in good faith, pursuant to reasonable judgment, based upon information known to Chase and/or notwithstanding the maintenance of procedures designed to avoid any errors or mistakes.

**EIGHTH DEFENSE**

64. Plaintiff is required to arbitrate his claims, if any, against Chase.

**NINTH DEFENSE**

65. Chase reserves the right to amend the Answer and to assert additional defenses and affirmative defenses.

## **TENTH DEFENSE**

66.     Chase denies each and every allegation, claim or contention set forth in the Complaint to the extent not expressly admitted herein.

## **ELEVENTH DEFENSE**

67.     Defendant is entitled to a set-off as to the amount of any liability.

WHEREFORE, Chase demands that the Complaint be dismissed with prejudice and that judgment be entered in favor of Chase, and that Chase recover its fees and costs incurred of its defense.

                Respectfully submitted,

                s/Jill R. Yutzy_____
                David D. Yeagley     (0042433)
                Jill R. Yutzy    (0084089)
                ULMER & BERNE LLP
                1660 West 2nd Street, Suite 1100
                Cleveland, Ohio 44113
                Tel.: (216) 583-7000
                Fax: (216) 583-7001
                dyeagley@ulmer.com
                jyutzy@ulmer.com

                Attorneys for Defendant
                Chase Bank USA, N.A.

## **CERTIFICATE OF SERVICE**

I certify that on June 16, 2009, I filed the foregoing electronically. All parties will receive notice of this filing through the Court's electronic filing system and may access the filing through the Court's system. The following was served via first class mail postage prepaid at the following address:

Mark Ardire
925 Bassett Road
Westlake, Ohio 44145

Plaintiff

s/Jill R. Yutzy_____
Jill R. Yutzy (0084089)

1778284v1
21328.00345